IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE ESTATE OF LETHA M. GRAY, BY AND
THROUGH ELLA RUDD, ADMINISTRATRIX
OF THE ESTATE OF LETHA M. GRAY, AND
FOR THE USE AND BENEFIT OF THE
WRONGFUL DEATH BENEFICIARIES OF
LETHA M. GRAY                                                                    PLAINTIFF

VS.                              CIVIL ACTION NUMBER: 3:06 CV 628 HTW-LRA
                    **[previously removed as Civil Action Number:3:03-CV-151BN]**

BEVERLY ENTERPRISES, INC.;
BEVERLY ENTERPRISES-MISSISSIPPI, INC.;
BEVERLY HEALTH AND REHABILITATION
SERVICES, INC.; JAMES C. LANDERS;
DAVID DEVEREAUX; DAVID R. BANKS;
LEWIS SEWELL; CHARLIE R. SINCLAIR, JR.;
BOBBIE LUCILLE BLACKARD; ALICHA D.
LINDSAY; JOHN DOES 1 THROUGH 10; AND
UNIDENTIFIED ENTITIES 5 THROUGH 10
(AS TO BEVERLY HEALTHCARE-NORTHWEST
N/K/A HINDS COUNTY NURSING AND
REHABILITATION CENTER)                                                    DEFENDANTS

## NOTICE OF REMOVAL

**COME NOW** defendants, Beverly Enterprises, Inc.; Beverly Enterprises-Mississippi, Inc.; Beverly Health and Rehabilitation Services, Inc.; David Devereaux; David R. Banks; Lewis Sewell; Charlie R. Sinclair, Jr.; Bobbie Lucille Blackard and Alicha D. Lindsay, and file this their Notice of Removal of this action to the United States District Court for the Southern District of Mississippi, Jackson Division, and in support thereof would show unto this Court the following, to-wit:

1.      On or about December 17, 2002, plaintiff filed her original complaint against the aforementioned defendants, except for Beverly Enterprises, Inc., which was added by an

amended complaint filed June 26, 2006. Also included in the original complaint was defendant licensee, James C. Landers, who is represented by separate counsel and will file a joinder to this notice of removal. This action was originally filed in the Circuit Court of Hinds County, Mississippi, as a civil action to recover compensatory and punitive damages for alleged negligence, medical malpractice, malice and/or gross negligence, fraud and breach of fiduciary duty, all relative to the care and treatment of Letha M. Gray, while she was a resident of Beverly Healthcare-Northwest. Since the filing of the original complaint, Ms. Gray has died and the plaintiff has amended her claim to allege wrongful death and statutory survival. A copy of the plaintiff's original complaint filed on December 17, 2002, in the Circuit Court of Hinds County, Mississippi, being Civil Action Number: 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-CIV in its docket, is attached hereto as **Exhibit "A"**; a copy of the plaintiff's Amended Complaint filed on or about October 3, 2005, is attached hereto as **Exhibit "B"**; and, a copy of the plaintiff's Third Amended Complaint filed on or about June 26, 2003, is attached hereto as **Exhibit "C"**.

2. After the original complaint was filed and subsequently served, on January 30, 2003, a notice of removal was filed by defendants herein (except for Beverly Enterprises, Inc., which was not a party to the litigation at that time), based upon complete diversity of citizenship between the parties and improper joinder of the nursing home administrators, Lewis Sewell; Charlie R. Sinclair, Jr.; Bobbie Lucille Blackard and Alicha D. Lindsay, and licensee, James C. Landers, all of whom were Mississippi residents. A copy of this original notice of removal is attached hereto as **Exhibit "D"**. **The case was removed to this Court, given Civil Action Number: 3:03-CV-151BN, and assigned to Judge William H.**

**Barbour, Jr.** Subsequently, plaintiff filed a motion to remand asserting that her complaint stated a cause of action against the administrator/licensee defendants under Mississippi law. On May 12, 2003, Judge Barbour denied plaintiff's motion to remand and on July 7, 2003, he entered an order dismissing the administrator and licensee defendants herein. Attached hereto as **Composite Exhibit "E"** are the May 12, 2003, order denying remand and the July 7, 2003, order dismissing the individual defendants. These orders were the subject of an appeal taken by plaintiff to the United States Court of Appeals for the Fifth Circuit, *Letha M. Gray/Ella Rudd vs Beverly Enterprises-Mississippi, Inc. et al*, Fifth Circuit Case Number: 03-60528.

3. On November 9, 2004, the Fifth Circuit handed down its opinion reversing the district court's denial of plaintiff's motion to remand. The appellate court determined that there was a reasonable possibility that the complaint stated a cause of action against the individual administrator/licensee defendants under Mississippi state law. While acknowledging that Mississippi law on the issues was non-existent or, at best, "ambiguous", the court ruled that "it is at least reasonable to expect that a Mississippi court might find that the allegations of the in-state defendants' misfeasance and nonfeasance are sufficient to state a claim under state law." 390 F.3d 400, 410. (5th Cir. 2004). Defendants herein, appellants in the Fifth Circuit case, requested the appellate court to certify the administrator/licensee liability issue to the Mississippi Supreme Court; however, the appellate court refused to do so. On December 14, 2004, the mandate was issued and on January 30, 2005, the case was remanded back to the Hinds County Circuit Court.

4. The Mississippi Supreme Court in the case of *Howard v. Estate of Harper, et al*, Mississippi Supreme Court Number: 2005-IA-00115 (October 26, 2006)[1] has now resolved the question of law which the Fifth Circuit considered in *Gray*, definitively adjudicating that a nursing home administrator/licensee does not have liability for negligent nursing care. The *Howard* court found that there was no common law statutory or fiduciary duty owed by a nursing home administrator or licensee to a resident that can form a basis for a cause of action for negligence or medical malpractice and that fraud cannot be established unless pled with specificity (which was not done in *Howard* or this case). The *Howard* appeal was from the trial court's denial of a motion to dismiss the complaint under MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b). The remand analysis in *Gray*, as in other removal/remand cases, is very similar to a motion to dismiss consideration. A copy of the *Howard* complaint is attached hereto as **Exhibit "F"**. A comparison of the *Howard* complaint with the original complaint and subsequent amended complaints herein (**Exhibits "A - C"**) reveals that the allegations against the nursing home administrator/licensee are virtually identical in both cases.[2]

5. At this point in time, as was true at the commencement of this action in state court, there is complete diversity of jurisdiction between the parties herein. Based on information and belief, plaintiff is an adult resident citizen of Hinds County, Mississippi. Defendant, Beverly Enterprises, Inc., is a California corporation with its principal place of

---

[1] *Howard v. Harper*, -- So.2d --, 2006 WL 3026398 (Miss. October 26, 2006).

[2] *Howard* and *Gray* were filed by the same law firm.

business in Pasadena, California. Defendant, Beverly Enterprises-Mississippi, Inc., is a California corporation with its principal place of business in Fort Smith, Arkansas. Defendant, Beverly Health and Rehabilitation Services, Inc., is a California corporation with its principal place of business in Fort Smith, Arkansas. Defendant, David Devereaux is an adult resident citizen of the State of Arkansas. Defendant, David R. Banks, is an adult resident citizen of the State of Arkansas. Defendants, Lewis Sewell, Charlie R. Sinclair, Jr., Bobbie Lucille Blackard, Alicha D. Lindsay and James C. Landers are adult resident citizens of the State of Mississippi. Defendants Landers, Sewell, Sinclair, Blackard and Lindsay have been improperly named and fraudulently joined in this matter in an effort to prevent federal court jurisdiction and are not proper or necessary parties to this cause of action pursuant to *Howard v. Harper, supra.* Said defendants are, at most, sued herein as agents of the disclosed corporate principals, with the complaint alleging no acts of independent conduct by them which would give rise to a valid tort claim against them, no individual wrongdoing for which they might be held personally liable. The complaint fails to establish a statutory or common law duty owed by either the administrator or licensee defendants which would give rise to a cause of action for negligence, medical malpractice, or breach of fiduciary duty against these individual defendants.

6. The above-entitled action is a civil action for damages over which this Court has original jurisdiction by reason of the complete diversity of citizenship between the parties pursuant to 28 U.S.C.A. §1332(a) and the matter in controversy being in excess of the sum or value of $75,000.00, exclusive of interest and costs, as evidenced from the allegations contained in the original, amended and third amended complaints and the damages claimed.

7.      This case is removable under alternative theories. 28 U.S.C.A §1446 provides, in part, that a case is removable within thirty (30) days after service of the initial pleading or within thirty (30) days after receipt by the defendant "of a copy of an ... order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." (1446[b]). The *Howard* decision constitutes an "order", or at the very least "other paper", from which this case has become removable under Section 1446(b). In *Davis v. Time Insurance Co.*, 698 F.Supp. 1317 (S.D. Miss. 1988), the district court held that a decision in an unrelated case properly served as a basis for removal. The *Davis* decision was approved in *Green v. R.J. Reynolds Tobacco Company*, 274 F.3d 263 (5th Cir. 2001) in which the Fifth Circuit ruled that an opinion in an unrelated case can qualify as an "order" under Section 1446(b). This holding is in accord with some cases in other district courts. In *Winningkoff v. The American Cyanamid*, 2000 WL 235648 (E.D. La. 2000), the federal district court relied upon an unrelated decision from the Louisiana Supreme Court as an "order" allowing removal. The Eastern District Court of Michigan stated "on its face [Section 1446(b)] indicates that it covers virtually any situation in which an action not initially removable later becomes removable." *Smith v. Burroughs Corp.*, 670 F.Supp. 740, 741 (E.D. Mich. 1987).

8.      The *Howard* case and the case before this court are virtually identical. As asserted above, the complaints, both filed by counsel opposite, are identical. The *Howard* interlocutory appeal was based upon denial of a MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b) motion to dismiss the administrators and licensees. Defendants herein have filed in the state court action a motion to dismiss under MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b)

on behalf of the administrator and licensee defendants. On November 2, 2006, after the *Howard* decision was handed down, Hinds County Circuit Court Judge Tomie Green entered an order denying defendants' motion to dismiss these individual defendants. *See* **Exhibit "G"**.[3]

9. Section 1446(b) requires that a case removed based upon diversity jurisdiction (such as this case) must be removed within one year after commencement of the suit. This second removal is more than one year from the filing of the complaint herein; however, there are judicially-created equitable exceptions to the one-year rule. In *Tedford v. Warner Lambert Co.*, 327 F.3d 423, (5th Cir. 2003), the Fifth Circuit held, as to the one-year limit, "the time limit for removal is not jurisdictional; it is merely modal and formal and may be waived." *Id.* at 426, *citing Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996), the United States Supreme Court held that the existence of subject matter jurisdiction at the time of trial eclipsed the lack of subject matter jurisdiction at the time of removal. These cases, and others, create a pattern of equitable tolling of the one-year deadline which supports tolling of the deadline in this case.

10. Defendants have done everything possible to protect their statutory and constitutional right to a federal forum of this case. The case was originally removed within thirty days of service of the complaint based upon fraudulent joinder of the non-diverse administrator and licensee defendants. Judge Barbour correctly denied plaintiff's motion to

---

[3] Defendants first received notice of this order yesterday.

remand; however, the Fifth Circuit reversed that decision. Defendants vigorously advocated their position with regard to fraudulent joinder in the Fifth Circuit, including asking the court to certify the question to the Mississippi Supreme Court pursuant to MISSISSIPPI RULE OF APPELLATE PROCEDURE 20(a). The Fifth Circuit refused to do this. Defendants filed a motion to dismiss the administrators and licensees in the state court under MISSISSIPPI RULE OF CIVIL PROCEDURE 12(b) which, despite the *Howard* decision, the state court judge has denied. Defendants' vigorous pursuit of their right to a federal forum should support an equitable exception to the one-year rule in this case.

11. Alternatively, defendants assert that the one-year deadline under Section 1446(b) does not apply to this case because it was originally removable and was, in fact, removed within thirty days of the service of the complaint. The one-year limitation is restricted to cases which "by the initial pleading [are] not removable". The *Howard* decision makes it clear that this case was initially removable under the original complaint which is identical to the *Howard* complaint (as are the subsequent amended *Gray* complaints). Accordingly, because there was, and is, no liability on the part of the administrators or licensees herein, they were improperly joined and diversity was complete on January 30, 2003, when the case was first removed.

12. In *Coffer v. Horsehead Research and Dev.*, 805 F.Supp. 541 (D.C. Tenn. 1991), the district court held that the one-year limit for removal does not defeat removal when the plaintiff fraudulently joined non-diverse parties to prevent federal jurisdiction, as the case herein. Fraudulent joinder cases are treated as if they were diversity cases from the time of commencement of the suit. This is in accord with the District Court of New York's

-8-

ruling in *Leslie v. BancTec Serve Corp.*, 928 F.Supp. 341 (D.C. N.Y. 1996), in which the court held that the one-year time limit was intended only to bar removal by litigants who, for the first time, filed their removal notice after one-year. After the Fifth Circuit issued its mandate on December 14, 2004, defendants were proscribed from removing this case. This bar has been lifted by the Mississippi Supreme Court's decision in *Howard v. Harper, supra*. Accordingly, this case is properly removable based upon diversity jurisdiction.

13. Defendants do not waive any defenses to which they may be entitled and specifically reserve same.

14. Defendants promptly after filing this Notice will give and are giving notice thereof to all adverse parties and to the Circuit Court of Hinds County, Mississippi, and are further filing a copy of this Notice with said Circuit Clerk.

15. Defendants herein reserve the right to supplement this Notice of Removal by adding any jurisdictional grounds or defenses which may independently support a basis for removal.

**WHEREFORE**, defendants, Beverly Enterprises, Inc.; Beverly Enterprises-Mississippi, Inc.; Beverly Health and Rehabilitation Services, Inc.; David Devereaux; David R. Banks; Lewis Sewell; Bobbie Lucille Blackard and Alicha D. Lindsay, request that this Court assume full jurisdiction over this cause herein as provided by law.

THIS, the ___9th___ day of November, 2006.

Respectfully submitted,

BEVERLY ENTERPRISES, INC.; BEVERLY ENTERPRISES-MISSISSIPPI, INC.; BEVERLY HEALTH AND REHABILITATION SERVICES, INC.; DAVID DEVEREAUX; DAVID R. BANKS; LEWIS SEWELL; CHARLIE R. SINCLAIR, JR; BOBBIE LUCILLE BLACKARD AND ALICHA D. LINDSAY

WILKINS, STEPHENS & TIPTON, P.A.

BY: _____
SENITH C. TIPTON (MSB # 8227)
L. CARL HAGWOOD (MSB #2039)
MICHAEL E. PHILLIPS (MSB #100119)
FAYE MURPHREE JAMES (MSB #2990)

WILKINS, STEPHENS & TIPTON, P.A.
One LeFleur's Square
4735 Old Canton Road
Post Office Box 13429
Jackson, Mississippi 39236-3429
Phone: 601-366-4343
Fax: 601-981-7608

## CERTIFICATE OF SERVICE

I, Faye M. James, attorney for defendants, do hereby certify that I have this day mailed, by United States mail, postage prepaid, a true and correct copy of the above and foregoing *Notice of Removal* to the following:

> A. Lance Reins, Esquire
> Wilkes & McHugh, P.A.
> 16 Office Park Drive, Suite 8
> Post Office Box 17107
> Hattiesburg, Mississippi 39402
> ATTORNEYS FOR PLAINTIFFS

Chad R. Hutchinson, Esquire
Butler Snow O'Mara Stevens & Cannada, PLLC
1700 AmSouth Plaza, 210 East Capitol Street [39201]
Post Office Box 22567
Jackson, Mississippi 39225-2567
ATTORNEYS FOR DEFENDANT, JAMES C. LANDERS

Honorable Barbara Dunn
Circuit Clerk, Hinds County
Post Office Box 327
Jackson, Mississippi 39205-0357

THIS, the ___9th___ day of November, 2006.

_____
SENITH C. TIPTON (MSB #8227)
L. CARL HAGWOOD (MSB #2039)
FAYE MURPHREE JAMES (MSB # 2990)
MICHAEL E. PHILLIPS (MSB #100119)