IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
SEVENTH JUDICIAL DISTRICT

The Estate of LETHA M. GRAY, by
and through ELLA RUDD, Administratrix
of the Estate of LETHA M. GRAY, and for the
Use and Benefit of the Wrongful Death
Beneficiaries of Letha M. Gray,

        PLAINTIFF,

vs.
                            CAUSE NO. 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CIV
                            Jury Demanded

BEVERLY ENTERPRISES-MISSISSIPPI,
INC.; BEVERLY HEALTH AND REHABILITATION
SERVICES, INC.; HINDS COUNTY NURSING
AND REHABILITATION CENTER, LLC, TREND
CONSULTANTS, LLC; JAMES C. LANDERS;
DAVID DEVEREAUX; DAVID R. BANKS;
LEWIS SEWELL; CHARLIE R. SINCLAIR, JR.;
BOBBIE LUCILLE BLACKARD; ALICHA D. LINDSAY;
JOHN DOES 1 THROUGH 10; and UNIDENTIFIED
ENTITIES 4 THROUGH 10
(as to BEVERLY HEALTHCARE-NORTHWEST n/k/a
HINDS COUNTY NURSING AND REHABILITATION
CENTER),

        DEFENDANTS.
_____/

## AMENDED COMPLAINT

      COMES NOW the Plaintiff, The Estate of LETHA M. GRAY, by and through ELLA

RUDD, Administratrix of the Estate of LETHA M. GRAY, and for the Use and Benefit of the

Wrongful Death Beneficiaries of LETHA M. GRAY, and by and through the undersigned

counsel, WILKES & MCHUGH, P.A., and for the cause of action against Defendants, states and

alleges:

## JURISDICTIONAL STATEMENT

    1.     Ella Rudd was appointed Administratrix of the Estate of Letha M. Gray by Letters



of Administration issued by the Chancery Court of Hinds County, Mississippi dated July 7, 2005, and brings this action as Administratrix of the Estate of Letha M. Gray, and on the behalf of the wrongful death beneficiaries of Letha M. Gray pursuant to Mississippi law.

2. LETHA M. GRAY was a resident of BEVERLY HEALTHCARE-NORTHWEST n/k/a HINDS COUNTY NURSING AND REHABILITATION CENTER, a skilled nursing facility located at 3454 Albemarle Road, Jackson, Hinds County, Mississippi, from January 12, 1994 until her death on April 24, 2004.

3. Defendant, BEVERLY ENTERPRISES-MISSISSIPPI, INC., is a California corporation with its principal place of business at One Thousand Beverly Way, Fort Smith, AR. At all times material to this lawsuit, Defendant, BEVERLY ENTERPRISES-MISSISSIPPI, INC., has done business in Mississippi and continues to do business in Mississippi. Defendant's, BEVERLY ENTERPRISES-MISSISSIPPI, INC., contacts with Mississippi are systematic and ongoing such that Defendant, BEVERLY ENTERPRISES-MISSISSIPPI, INC., could reasonably expect to be haled into a Mississippi court. The agent for service for BEVERLY ENTERPRISES-MISSISSIPPI, INC. is CSC of Rankin County Inc., Mirror Lake, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232. BEVERLY ENTERPRISES-MISSISSIPPI, INC. was and remains a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

4. Defendant, BEVERLY HEALTH AND REHABILITATION SERVICES, INC., is a California corporation with its principal place of business at California. At all times material to this lawsuit, Defendant, BEVERLY HEALTH AND REHABILITATION SERVICES, INC., has done business in Mississippi and continues to do business in Mississippi. Defendant's, BEVERLY HEALTH AND REHABILITATION SERVICES, INC., contacts with Mississippi

are systematic and ongoing such that Defendant, BEVERLY HEALTH AND REHABILITATION SERVICES, INC., could reasonably expect to be haled into a Mississippi court. The agent for service for BEVERLY HEALTH AND REHABILITATION SERVICES, INC. is CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive, #1502, Flowood, MS 39232. BEVERLY HEALTH AND REHABILITATION SERVICES, INC. was and remains a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

5. Defendant, TREND CONSULTANTS, LLC is a Mississippi limited liability corporation. The agent for service for TREND CONSULTANTS, LLC is C. Bruce Kelly, 10 Colony Drive, Natchez, MS 39120. TREND CONSULTANTS, LLC was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at HINDS COUNTY NURSING AND REHABILITATION CENTER.

6. Defendant HINDS COUNTY NURSING AND REHABILITATION CENTER LLC is a Mississippi limited liability corporation. The agent for service for HINDS COUNTY NURSING AND REHABILITATION CENTER LLC is C. Bruce Kelly, 10 Colony Drive, Natchez, MS 39120. HINDS COUNTY NURSING AND REHABILITATION CENTER LLC was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment.

7. Defendant, JAMES C. LANDERS, was at all times material hereto the licensee of BEVERLY HEALTHCARE-NORTHWEST. JAMES C. LANDERS is a resident citizen of the State of Arkansas. Defendant, JAMES C. LANDERS, for all times material to this lawsuit conducted business in Mississippi and continues to do business in Mississippi. Defendant's,

JAMES C. LANDERS, contacts with Mississippi are systematic and ongoing such that Defendant, JAMES C. LANDERS, could reasonably expect to be haled into a Mississippi court.

8. Defendant, DAVID DEVEREAUX, was at all times material hereto the licensee of BEVERLY HEALTHCARE-NORTHWEST. DAVID DEVEREAUX is a resident citizen of the State of Arkansas. Defendant, DAVID DEVEREAUX, for all times material to this lawsuit conducted business in Mississippi and continues to do business in Mississippi. Defendant's, DAVID DEVEREAUX, contacts with Mississippi are systematic and ongoing such that Defendant, DAVID DEVEREAUX, could reasonably expect to be haled into a Mississippi court.

9. Defendant, DAVID R. BANKS, was at all times material hereto the licensee of BEVERLY HEALTHCARE-NORTHWEST. DAVID R. BANKS is a resident citizen of the State of Arkansas. Defendant, DAVID R. BANKS, for all times material to this lawsuit conducted business in Mississippi and continues to do business in Mississippi. Defendant's, DAVID R. BANKS, contacts with Mississippi are systematic and ongoing such that Defendant, DAVID R. BANKS, could reasonably expect to be haled into a Mississippi court.

10. Defendant, LEWIS SEWELL, on information and belief, was the nursing home administrator for BEVERLY HEALTHCARE-NORTHWEST, on or about the dates of the occurrences which made the basis of this lawsuit and is a resident citizen of the State of Mississippi.

11. Defendant, CHARLIE R. SINCLAIR, JR., on information and belief, was the nursing home administrator for BEVERLY HEALTHCARE-NORTHWEST, on or about the dates of the occurrences which made the basis of this lawsuit and is a resident citizen of the State of Mississippi.

12.     Defendant, BOBBIE LUCILLE BLACKARD, on information and belief, was the nursing home administrator for BEVERLY HEALTHCARE-NORTHWEST, on or about the dates of the occurrences which made the basis of this lawsuit and is a resident citizen of the State of Mississippi.

13      Defendant, ALICHA D. LINDSAY, on information and belief, was the nursing home administrator for BEVERLY HEALTHCARE-NORTHWEST, on or about the dates of the occurrences which made the basis of this lawsuit and is a resident citizen of the State of Mississippi.

14.     Defendants John Does 1 through 10 are individuals who Plaintiff is unable to be currently identified despite diligent efforts. Said Defendants are named pursuant to *Miss. R. Civ. P.* 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of, or in the staffing, supervision, administration and direction of the care and treatment of, LETHA M. GRAY during her residency at BEVERLY HEALTHCARE-NORTHWEST. Alternatively, said Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of LETHA M. GRAY during her residency at BEVERLY HEALTHCARE-NORTHWEST.

15.     Defendants Unidentified Entities 4 through 10 are entities who Plaintiff is unable to be currently identified despite diligent efforts. Said Defendants are named pursuant to Miss. R. Civ. P. 9(h), insofar as their acts and/or omissions were negligent and/or otherwise tortious with respect to the care and treatment of LETHA M. GRAY during her residency at BEVERLY HEALTHCARE-NORTHWEST n/k/a HINDS COUNTY NURSING AND REHABILITATION CENTER. Alternatively, said Defendants are liable for the negligent and/or otherwise tortious acts and/or omissions of others with respect to the care and treatment of LETHA M. GRAY

during her residency at BEVERLY HEALTHCARE-NORTHWEST n/k/a HINDS COUNTY NURSING AND REHABILITATION CENTER.

16. At all times material hereto, Defendants owned, operated, managed and/or controlled, BEVERLY HEALTHCARE-NORTHWEST n/k/a HINDS COUNTY NURSING AND REHABILITATION CENTER in Jackson, Hinds County, Mississippi. The actions of each of the facility's servants, agents and employees as set forth herein, are imputed to BEVERLY ENTERPRISES-MISSISSIPPI, INC.; BEVERLY HEALTH AND REHABILITATION SERVICES, INC.; HINDS COUNTY NURSING AND REHABILITATION CENTER, LLC, AURORA HEALTHCARE, LLC; JAMES C. LANDERS; DAVID DEVEREAUX; DAVID R. BANKS; LEWIS SEWELL; CHARLIE R. SINCLAIR, JR.; BOBBIE LUCILLE BLACKARD; ALICHA D. LINDSAY; AND JOHN DOES 1 THROUGH 10.

17. Jurisdiction of this Court is proper in the Hinds County Circuit Court in that the amount in controversy, exclusive of interest and costs, far exceeds the minimum jurisdictional limits of this Court.

## FACTUAL SUMMARY

18. On or about January 12, 1994, LETHA M. GRAY was admitted to BEVERLY HEALTHCARE-NORTHWEST until her death on June 24, 2004.

19. As of January, 1994, LETHA M. GRAY was no longer competent to handle her own affairs, due to several cerebral strokes, and her cognitive skills were impaired. She no longer had the conscious awareness necessary to be able to fully comprehend all of the elements necessary to know that she had been the victim of nursing home negligence and resident rights violations.

6

20. Defendants were well aware of LETHA M. GRAY's medical condition and the care that she required when they represented that they could adequately care for her needs.

21. Defendants held themselves out as being:

    a) Skilled in the performance of nursing, rehabilitative and other medical support services;

    b) Properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

    c) Able to specifically meet the total nursing home, medical, and physical therapy needs of LETHA M. GRAY and other residents like her; and,

    d) Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

22. Defendants failed to discharge their obligations of care to LETHA M. GRAY. As a consequence thereof, LETHA M. GRAY suffered catastrophic injuries, disfigurement, extreme pain, suffering and mental anguish. The scope and severity of the recurrent wrongs inflicted upon LETHA M. GRAY while under the care of the facility accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma which includes, but is not limited to:

    a) dehydration;

    b) multiple falls;

    c) unexplained injuries;

    d) multiple pressure sores.

23.     All of the above identified injuries, as well as the conduct specified below, caused LETHA M. GRAY to lose her personal dignity and caused extreme and unnecessary pain, degradation, anguish, otherwise unnecessary hospitalizations, disfigurement, emotional trauma and ultimately her death.

24.     The wrongs complained of herein were of a continuing nature, and occurred throughout LETHA M. GRAY'S stay at Defendants' facility.

25.     Plaintiff alleges that on all of the occasions complained of herein, LETHA M. GRAY was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

26.     Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of LETHA M. GRAY.

27.     Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

**COUNT ONE: NEGLIGENCE SURVIVAL CLAIM AGAINST BEVERLY ENTERPRISES-MISSISSIPPI, INC.; BEVERLY HEALTH AND REHABILITATION SERVICES, INC.; HINDS COUNTY NURSING AND REHABILITATION CENTER, LLC; TREND CONSULTANTS, LLC; JAMES C. LANDERS; DAVID DEVEREAUX; DAVID S. BANKS; JOHN DOES 1 THROUGH 10; AND UNIDENTIFIED ENTITIES 4 THROUGH 10**

28.     The Plaintiff re-alleges and incorporates the allegations in paragraphs 1-27 as if set forth herein.

29.     Defendants owed a duty to residents, including LETHA M. GRAY, to provide

adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

30.     Defendants' employees owed a duty to residents, including LETHA M. GRAY, to exercise reasonable care in providing care and services in a safe and beneficial manner.

31.     Defendants breached this duty by failing to deliver care and services that a reasonably careful person would have provided under similar circumstances and by failing to prevent the mistreatment, abuse and neglect of LETHA M. GRAY.

32.     The negligence of the Defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a)     The failure to provide LETHA M. GRAY with adequate fluid intake to prevent dehydration;

b)     The failure to provide adequate turning and repositioning of LETHA M. GRAY in order to provide pressure relief so as to prevent the formation of pressure sores on her body and infections;

c)     The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

d)     The failure to provide adequate supervision for LETHA M. GRAY to prevent her from falling and being injured by falls within the facility;

e)     The failure to properly assess LETHA M. GRAY for the risk of falling;

f)     The failure to protect LETHA M. GRAY from falling within the facility;

g)     The failure to protect LETHA M. GRAY from harm within the facility;

h)     The failure to protect LETHA M. GRAY from receiving unexplained

9

injuries including, bumps and black eye requiring hospitalization;

i) The failure to respond to significant signs and symptoms of change in the condition of LETHA M. GRAY;

j) The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of LETHA M. GRAY;

k) The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in LETHA M. GRAY's condition;

l) The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of LETHA M. GRAY;

m) The failure to increase the number of personnel to ensure that LETHA M. GRAY:

    1) received timely and accurate care assessments;

    2) received prescribed treatment, medication, and diet;

    3) received necessary supervision; and

    4) received timely intervention due to a significant change in condition.

n) The failure to provide nursing personnel sufficient in number to ensure that LETHA M. GRAY attained and maintained her highest level of physical, mental and psychosocial well-being;

o) The failure to provide adequate supervision to the nursing staff so as to ensure that LETHA M. GRAY received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and medications, and sufficient nursing observation and

10

examination of the responses, symptoms, and progress in the physical condition of LETHA M. GRAY;

p)  The failure to adequately assess, evaluate and supervise nursing personnel so as to ensure that LETHA M. GRAY received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents, including the Division of Health Facilities Licensure and Certification;

q)  The failure to provide a nursing staff that was properly staffed, qualified, and trained;

r)  The failure to provide and ensure an adequate nursing care plan based on the needs of LETHA M. GRAY;

s)  The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of LETHA M. GRAY changed;

t)  The failure to implement and ensure that an adequate nursing care plan for LETHA M. GRAY was followed by nursing personnel;

u)  The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

v)  The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

w)  The failure to properly and timely notify LETHA M. GRAY's attending

physician significant changes in LETHA M. GRAY's physical condition, to wit: the development of pressure sores, falls, dehydration, and persistent, unresolved problems relating to the care and physical condition of LETHA M. GRAY resulting in needless hospitalization, and unnecessary pain, agony, and suffering on the part of LETHA M. GRAY;

     x)     The failure to provide a safe environment;

     y)     The failure to maintain medical records on LETHA M. GRAY in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

     1)     the diagnosis of LETHA M. GRAY;

     2)     the treatment of LETHA M. GRAY; and

     3)     the assessment and establishment of appropriate care plans of care and treatment.

     z)     The failure to adequately and appropriately monitor LETHA M. GRAY and recognize significant changes in her health status.

33.     A reasonably careful nursing home and nursing home licensee, operating under similar circumstances, would foresee that the failure to provide the ordinary care listed above would result in devastating injuries to LETHA M. GRAY.

34.     As a direct and proximate result of the negligence of Defendants as set out above, LETHA M. GRAY suffered injuries, including falls, dehydration, unexplained injuries, pressure sores, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which required LETHA M. GRAY to incur significant hospital and medical expenses.

35.     WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO: NEGLIGENCE SURVIVAL CLAIM AGAINST DEFENDANTS, LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, AND JOHN DOES 1 THROUGH 10

36.     The Plaintiff re-alleges and incorporates the allegations in paragraphs 1-35 as if set forth herein.

37.     At times material to this suit, Defendants, LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, and JOHN DOES 1 THROUGH 10, were licensed as a nursing home administrators by the Mississippi Board of Licensure for Nursing Home Administrators. As licensed nursing home administrators, Defendants, LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, and JOHN DOES 1 THROUGH 10, were responsible for performing the acts of management, supervision, and generally in charge of nursing homes.

38.     At times material to this suit, Defendants, LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, and JOHN DOES 1 THROUGH 10, were the licensed nursing home administrators of BEVERLY HEALTHCARE-NORTHWEST, and were responsible for performing the acts of management, supervision, and generally in charge of said facility.

39.     The acts or omissions set forth above are matters which were within Defendants', LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D.

LINDSAY, and JOHN DOES 1 THROUGH 10, areas of responsibility. More specifically, Defendants, LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, and JOHN DOES 1 THROUGH 10, were negligent in at least the following particulars:

a)     the failure to hire an adequate amount of nursing personnel and other agents and employees of said facility, that were also qualified, to assure that LETHA M. GRAY received adequate care, treatment, and services, in accordance with the mandates set forth in State laws, and in the nursing home policy and procedure manual;

b)     the failure to adequately supervise the nursing personnel and other agents and employees of said facility to assure that LETHA M. GRAY received adequate care, treatment, and services, in accordance with the mandates set forth in State laws, and in the nursing home policy and procedure manual;

c)     the failure to adequately train the nursing personnel and other agents and employees of said facility to assure that LETHA M. GRAY received adequate care, treatment, and services, in accordance with the mandates set forth in State laws, and in the nursing home policy and procedure manual; and

d)     the failure to ensure that adequate records were prepared and maintained to assure that LETHA M. GRAY received adequate care, treatment, and services, in accordance with the mandates set forth in State laws, and in the nursing home policy and procedure manual.

40.     As a direct and proximate result of Defendants', LEWIS SEWELL, CHARLIE R. SINCLAIR, JR., BOBBIE LUCILLE BLACKARD, ALICHA D. LINDSAY, and JOHN DOES 1 THROUGH 10, failure to perform their responsibilities as set forth above, LETHA M. GRAY

suffered injuries, including falls, dehydration, unexplained injuries, pressure sores, and also suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement and fright, all of which required hospitalization and medical treatment, and all of which required LETHA M. GRAY to incur significant hospital and medical expenses as well as anticipated further medical expenses.

41.      WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE: MEDICAL MALPRACTICE

42.      Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-41 as if fully set forth herein.

43.      Defendants owed a duty to residents, including LETHA M. GRAY, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

44.      Defendants' employees owed a duty to residents, including LETHA M. GRAY, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

45.      Defendants owed a duty to assist all residents, including LETHA M. GRAY, in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

46. Defendants failed to meet the standard of care and violated its duty of care to LETHA M. GRAY through mistreatment, abuse and neglect. The negligence of Defendants, their employees, and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a) The failure to properly notify a doctor upon significant changes in LETHA M. GRAY's condition;

b) The failure to respond to significant signs and symptoms of change in the condition of LETHA M. GRAY;

c) The failure to adequately and timely assess, monitor and/or treat the development and progression of pressure sores in LETHA M. GRAY;

d) The failure to provide proper custodial care, and wound care and to prescribe and administer proper medication to prevent LETHA M. GRAY's existing medical conditions to worsen to the point of becoming life-threatening;

e) The failure to properly assess LETHA M. GRAY for the risk of development of pressure sores;

f) The failure to properly assess LETHA M. GRAY for the risk of falling;

g) The failure to provide adequate supervision for LETHA M. GRAY to prevent her from falling within the facility;

h) The failure to protect LETHA M. GRAY from falling within the facility;

i) The failure to protect LETHA M. GRAY from receiving unexplained injuries including, bumps and black eye requiring hospitalization;

j) The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of LETHA M. GRAY;

k)     The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in LETHA M. GRAY's condition;

l)     The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of LETHA M. GRAY;

m)     The failure to increase the number of nursing personnel to ensure that LETHA M. GRAY:

> 1)     received timely and accurate care assessments;
>
> 2)     received prescribed treatment, medication, and diet;
>
> 3)     received necessary supervision; and
>
> 4)     received timely nursing and medical intervention due to a significant change in condition.

n)     The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to LETHA M. GRAY and other residents in order to protect LETHA M. GRAY's skin integrity and to prevent the formation of pressure sores;

o)     The failure to provide nursing personnel sufficient in number to ensure that LETHA M. GRAY attained and maintained her highest level of physical, mental and psychosocial well-being;

p)     The failure to provide adequate supervision to the nursing staff so as to ensure that LETHA M. GRAY received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, medications, and skin care to prevent the formation of pressure sores and lesions, to prevent contractures and infection, and sufficient nursing

observation and examination of the responses, symptoms, and progress in the physical condition of LETHA M. GRAY;

q)     The failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure the LETHA M. GRAY received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents, including the Office of Licensing and Certification;

r)     The failure to provide a nursing staff that was properly staffed, qualified, and trained;

s)     The failure to provide and ensure an adequate nursing care plan based on the needs of LETHA M. GRAY;

t)     The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of LETHA M. GRAY changed;

u)     The failure to implement and ensure that an adequate nursing care plan for LETHA M. GRAY was followed by nursing personnel;

v)     The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

w)     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

x)      The failure to properly assess LETHA M. GRAY for the risk of development of pressure sores;

y)      The failure to provide a proper mattress and bedding for LETHA M. GRAY, protective devices and pressure relief devices;

z)      The failure to provide LETHA M. GRAY with adequate and appropriate wound care, including timely dressing changes, so as to prevent the aggravation and deterioration of pressure sores on her body;

aa)     The failure to provide LETHA M. GRAY with adequate and appropriate nursing care, treatments and medication for pressure sores after development over the body of LETHA M. GRAY;

bb)     The failure to provide care, treatment, and medication in accordance with physician's orders;

cc)     The failure to properly and timely notify LETHA M. GRAY's attending physician significant changes in LETHA M. GRAY's physical condition, to wit:  the development of pressure sores, falls, dehydration, and persistent, unresolved problems relating to the care and physical condition of LETHA M. GRAY resulting in needless hospitalization, and unnecessary pain, agony, and suffering on the part of LETHA M. GRAY;

dd)     The failure to provide LETHA M. GRAY with adequate and appropriate assessment for fluid management to prevent dehydration;

ee)     The failure to maintain an adequate and appropriate fluid maintenance program;

ff)     The failure to provide a safe environment;

19

gg)     The failure to maintain medical records on LETHA M. GRAY in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

      1)     the diagnosis of LETHA M. GRAY;

      2)     the treatment of LETHA M. GRAY; and

      3)     the assessment and establishment of appropriate care plans of care and treatment.

nn)     The failure to adequately and appropriately monitor LETHA M. GRAY and recognize significant changes in her health status; and

oo)     The failure to properly notify the family of LETHA M. GRAY of significant changes in her health status.

47.     A reasonably prudent nursing home, nursing home licensee or nursing home administrator, operating under the same or similar conditions, would not have failed to provide the care listed in the above complaint. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of LETHA M. GRAY's injuries. LETHA M. GRAY's injuries were all foreseeable to Defendants.

48.     Defendants' conduct in breaching the duties owed to LETHA M. GRAY was negligent, grossly negligent, willful, wanton, malicious and reckless.

49.     As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless and malicious conduct, LETHA M. GRAY suffered injuries, including falls, dehydration, unexplained injuries, pressure sores, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which required LETHA M. GRAY to incur significant hospital and medical

expenses.

50.    WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, disfigurement, loss of enjoyment of life, humiliation, and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT FOUR: MALICE, AND/OR GROSS NEGLIGENCE WHICH EVIDENCES A WILLFUL, WANTON, OR RECKLESS DISREGARD FOR THE SAFETY OF LETHA M. GRAY**

51.    The Plaintiff re-alleges and incorporates the allegations in paragraphs 1–50 as if fully set forth herein.

52.    The longevity, scope and severity of Defendants' failures and actions as heretofore described constitute malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including LETHA M. GRAY. Specifically, such conduct was undertaken by Defendants without regard to the health and safety consequences to those residents, such as LETHA M. GRAY, entrusted to their care. Moreover, such conduct evidences such little regard for their duties of care, good faith, and fidelity owed to LETHA M. GRAY.

53.    The malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including LETHA M. GRAY, and includes, but is not limited to, one or more of the following acts and omissions:

    a)    The failure to provide LETHA M. GRAY with adequate fluid intake to prevent dehydration;

    b)    The failure to provide adequate turning and repositioning of LETHA M.

GRAY in order to provide pressure relief so as to prevent the formation of pressure sores on her body;

c)    The failure to provide even the minimum number of staff necessary to assist the residents with their needs;

d)    The failure to provide adequate supervision for LETHA M. GRAY to prevent her from falling and being injured by falls within the facility;

e)    The failure to provide adequate supervision for LETHA M. GRAY to protect her from unexplained injury within the facility;

f)    The failure to protect LETHA M. GRAY from receiving unexplained injuries including, bumps and black eye requiring hospitalization;

g)    The failure to provide proper custodial care, and wound care and to prescribe and administer proper medication to prevent LETHA M. GRAY's existing medical conditions to worsen to the point of becoming life-threatening;

h)    The failure to properly assess LETHA M. GRAY for the risk of development of pressure sores;

i)    The failure to properly assess LETHA M. GRAY for the risk of falling;

j)    The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of LETHA M. GRAY;

k)    The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in LETHA M. GRAY's condition;

l)    The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of LETHA M. GRAY;

m)      The failure to increase the number of nursing personnel to ensure that LETHA M. GRAY:

  1)      received timely and accurate care assessments;

  2)      received prescribed treatment, medication, and diet;

  3)      received necessary supervision; and

  4)      received timely nursing and medical intervention due to a significant change in condition.

n)      The failure to provide nursing personnel sufficient in number to ensure that LETHA M. GRAY attained and maintained her highest level of physical, mental and psychosocial well-being;

o)      The failure to provide adequate supervision to the nursing staff so as to ensure that LETHA M. GRAY received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and medications, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of LETHA M. GRAY;

p)      The failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure that LETHA M. GRAY received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health and its agents, including the Office of Licensing and Certification;

q)      The failure to provide a nursing staff that was properly staffed, qualified, and trained;

r)      The failure to provide and ensure an adequate nursing care plan based on

the needs of LETHA M. GRAY;

    s)      The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of LETHA M. GRAY changed;

    t)      The failure to implement and ensure that an adequate nursing care plan for LETHA M. GRAY was followed by nursing personnel;

    u)      The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

    v)      The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

    w)      The failure to provide care, treatment, and medication in accordance with physician's orders;

    x)      The failure to properly and timely notify LETHA M. GRAY's attending physician significant changes in LETHA M. GRAY's physical condition, to wit: the development of pressure sores, falls, dehydration, and persistent, unresolved problems relating to the care and physical condition of LETHA M. GRAY resulting in needless hospitalization, and unnecessary pain, agony, and suffering on the part of LETHA M. GRAY;

    y)      The failure to provide a safe environment;

    z)      The failure to maintain medical records on LETHA M. GRAY in accordance with accepted professional standards and practices that are complete,

accurately documented, readily accessible, and systematically organized with respect to:

1) the diagnosis of LETHA M. GRAY;

2) the treatment of LETHA M. GRAY; and

3) the assessment and establishment of appropriate care plans of care and treatment.

aa) The failure to adequately and appropriately monitor LETHA M. GRAY and recognize significant changes in her health status;

bb) The failure to protect LETHA M. GRAY from falling within the facility;

cc) The failure to protect LETHA M. GRAY from harm within the facility;

dd) The failure to respond to significant signs and symptoms of change in the condition of LETHA M. GRAY; and

ee) The failure to properly notify a doctor upon significant changes in LETHA M. GRAY's condition.

54. As a direct and proximate result of the above cited malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including LETHA M. GRAY, she suffered injuries, including falls, dehydration, unexplained injuries, pressure sores, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright, all of which required hospitalization and medical treatment, and all of which required LETHA M. GRAY to incur significant hospital and medical expenses.

55. WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, fright and disfigurement in an amount

to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FIVE: FRAUD

56.     Plaintiff re-alleges and incorporates the allegations in paragraph 1–55 as if fully set forth herein.

57.     Defendants intentionally engaged in common law fraud which was a proximate cause of the injuries and damages described herein.  Defendants, while claiming or implying special knowledge, concealed and/or misrepresented material facts to LETHA M. GRAY and her family.  Defendants specifically misrepresented that they could and would provide twenty four hour a day nursing care and supervision to LETHA M. GRAY, when, in fact, Defendants knew that they would not do so and they were not sufficiently staffed or supplied to do so.

58.     The relationship between Defendants and LETHA M. GRAY and her family was one of trust and confidence, and Defendants had a higher duty to affirmatively speak the truth to LETHA M. GRAY and her family because of LETHA M. GRAY's age and infirmities.  Defendants' fraudulent conduct includes, but is not limited to, the conduct described and set forth below.

59.     Defendants engaged in intentional fraud by concealing or failing to disclose material facts within Defendants' knowledge, when Defendants knew that LETHA M. GRAY and her family were ignorant of these material facts and did not have an equal opportunity to discover the truth.  Specifically, Defendants misrepresented the material fact that they were willing to, and would, provide the proper care, treatment, and services to LETHA M. GRAY, when in fact, Defendants knew that they would provide as little care, treatment, and services as possible in order to maximize Defendants' profits at the expense of LETHA M. GRAY.

60.     Further, Defendants intended to induce LETHA M. GRAY and her family to take some action: to wit, to not remove LETHA M. GRAY from Defendants' facility, by concealing or failing to disclose the material facts that there was an epidemic of resident harm and injury, as well as a practice of utilizing insufficient numbers of nursing aides who were not qualified to render case or services in accordance with the law. As a proximate cause of the concealment and failure to disclose by Defendants, LETHA M. GRAY and her family suffered injury.

61.     Defendants engaged in intentional fraud by making material misrepresentations with knowledge of their falsity and with the intention that such misrepresentations should be acted upon by LETHA M. GRAY and her family. As a consequence and as a proximate cause of the reliance on these misrepresentations, LETHA M. GRAY and her family suffered injury.

62.     Defendants entered into an agreement with, or on behalf of, LETHA M. GRAY and/or her family, wherein Defendants promised to provide basic care for LETHA M. GRAY. As partial consideration for this promise, LETHA M. GRAY and/or her family agreed to turn over virtually all of her income to these Defendants on a monthly basis. At the time of this agreement, it was known and understood by all parties that Defendants, for good and sufficient consideration, had also entered into agreements with the State of Mississippi and other relevant licensing and regulatory authorities which were designed and intended to be for the benefit and protection of LETHA M. GRAY and others similarly situated. By virtue of these agreements and by direct statement, Defendants represented to LETHA M. GRAY and her family that the care they would provide for her would fully comply with the licensing requirements and standards of care specified by the laws and regulations of the State of Mississippi and other relevant licensing and regulatory authorities.

63.     Defendants held themselves out to Plaintiffs and the public at large to be a nursing home licensed by the State of Mississippi and certified to provide care to nursing home residents. At all times material to this lawsuit, the aforesaid agreements, obligations and promises, which were a part thereof, were renewed on a monthly basis by virtue of payment made by, or on behalf of, LETHA M. GRAY, to Defendants for care to be rendered for the upcoming month. Defendants were paid each month in advance of care to be provided pursuant to the admission agreement and promises which were a part thereof, including but not limited to the resident's bill of rights.

64.     Wherefore, based on such conduct of Defendants as set out above, Plaintiffs are entitled to and therefore assert a claim for punitive damages in an amount sufficient to punish and deter Defendants and others like them from such conduct in the future.

**COUNT SIX:  BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS**

65.     Plaintiff re-alleges and incorporates the allegations in paragraph 1–64 as if fully set forth herein.

66.     As a resident of the Defendants' facility, LETHA M. GRAY was particularly dependent for her daily care and well-being upon the Defendants, their employees and agents. Because of the nature of this dependency and the representations of the Defendants that they could and would provide necessary care, LETHA M. GRAY and her family held in the Defendants a special confidence and trust which the Defendants accepted by admitting LETHA M. GRAY to their facility, and by determining the level of care to be provided to LETHA M. GRAY.

67.     LETHA M. GRAY and her family relied upon the supposed superior knowledge, skill, and abilities of the Defendants, that the Defendants held themselves out to have.  LETHA

M. GRAY and her family also relied on the Defendants to provide care for LETHA M. GRAY who, because of her age and infirmities, was not able to care for himself/herself.

68.     By virtue of the nature of the services rendered to LETHA M. GRAY by Defendants, and the special relationship which developed between the Defendants and LETHA M. GRAY, as well as the huge disparity of power and unequal bargaining position existing between the Defendants and LETHA M. GRAY, the Defendants occupied a position of confidence toward LETHA M. GRAY which required fidelity, loyalty, good faith, and fair dealing by the Defendants.

69.     The Defendants breached their fiduciary duty and duty of food faith and fair dealing to LETHA M. GRAY by failing to provide the appropriate level of care and services to which LETHA M. GRAY was entitled, by accepting payment for services and care not provided to LETHA M. GRAY, and by their concealment of and failure to disclose Defendants' abuse and neglect of LETHA M. GRAY.

70     As a proximate cause of the foregoing breaches of duty by the Defendants, LETHA M. GRAY suffered injuries as set forth above.

71.     Wherefore, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, fright and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law. Plaintiff also seeks the imposition of a constructive trust on all wrongful profits and proceeds arising out of Defendants' breach of fiduciary duty to LETHA M. GRAY.

## COUNT SEVEN: STATUTORY WRONGFUL DEATH
## CLAIM AGAINST ALL DEFENDANTS

72.    Plaintiff re-alleges and incorporates the allegations in paragraph 1–71 as if fully set forth herein.

73.    As a direct and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, including LETHA M. GRAY, Defendants caused the death of LETHA M. GRAY.

74.    As a direct, natural and proximate result of the negligence, malice, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, LETHA M. GRAY died on June 24, 2004 thereby incurring funeral, burial and other related expenses.

75.    As a result of the death of LETHA M. GRAY, the wrongful death beneficiaries suffered loss of consortium, attention, guidance, care, protection, training, companionship, compassion, affection, and love.

76.    WHEREFORE, based on such conduct of Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including but not limited to LETHA M. GRAY'S physical pain and suffering, mental anguish, disfigurement, and death in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.  Additionally, based on such conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants based on the damages sustained by the wrongful death beneficiaries as a result of the loss of a personal relationship with LETHA M. GRAY, including but not limited to loss of support, companionship, consortium, attention, guidance, care, protection, training, compassion,

affection, and love, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## PRAYER FOR RELIEF

Pursuant to Mississippi Rules of Civil Procedure, Plaintiff demands that all issues of fact in this case be tried to a jury.

WHEREFORE, the Plaintiff, The Estate of Letha M. Gray, by and through ELLA RUDD, Administratrix of the Estate of LETHA M. GRAY, and for the Use and Benefit of the Wrongful Death Beneficiaries of LETHA M. GRAY, prays for judgment against Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff is entitled by Mississippi law.

Respectfully submitted,

The Estate of Letha M. Gray, by and
through Ella Rudd, as Administratrix of the Estate
of Letha M. Gray, and for the use and benefit of the
wrongful death beneficiaries of Letha M. Gray,

**WILKES & McHUGH, P.A.**

_____
A. Lance Reins
Mississippi Bar No. 101031
16 Office Park Drive, Ste. 8
Hattiesburg, MS 39402
Mailing Address:
P. O. Box 17107
Hattiesburg, MS 39404
Telephone:    601-545-7363
Facsimile:    601-545-7364

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been sent by U.S. Mail this _3rd_ day of _October_ ,2005 to:

Michael Phillips, Esq.
Wilkins, Stephens & Tipton
P. O. Box 13429
Jackson, MS 39236-3429

Charles J. Potts, Esq.
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, AL 36602

Chad R. Hutchinson, Esq.
Lee Davis Thames, Esq.
Butler Snow O'Mara Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Attorneys for Beverly Defendants

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon:

C. Bruce Kelly,
Registered Agent for Hinds County Nursing and Rehabilitation Center, LLC and
Trend Consultants, LLC,
10 Colony Drive
Natchez, MS 39120

Attorney for Plaintiff